## In re DUNN.

### No. 35467.

District Court, W. D. Washington, N. D.

April 25, 1941.

John J. Dolphin, of Seattle, Wash., for bankrupt.

BLACK, District Judge.

The bankrupt is before the Court upon a petition for review of the denial by the Referee of the bankrupt's petition for leave to amend his schedule A-3 more than six months after the first meeting of creditors so as to list the name of an additional creditor.

The bankrupt estate is without funds, no Trustee was appointed, and the purpose of the bankrupt's petition is obviously to bring such creditor within the operation of any discharge that may be entered.

While prior to the Chandler Act it was generally accepted that the limitation in time in Section 57, sub. n, 11 U.S.C.A. § 93, sub. n, did not authorize the Courts to permit the filing of claims after the statutory period, some Courts, in particular cases involving unusual circumstances and moved by considerations of equity, extended the time within which proof of claims might be filed.

██ Under the Chandler Act, however, it is clear that the Court has no authority to allow any claims which are not filed within six months after the date set for the first meeting of creditors.

In the recent opinion of United States District Judge Caillouet in Re Quine, D.C., 38 F.Supp. 869, filed January 27, 1941, it is said:

"The present petitioner is barred by Section 57(n) of the Bankruptcy Act, as amended (11 U.S.C.A. § 93, sub. n), from now filing and presenting his alleged claim, granting that his petition otherwise makes out a case, in the discretion of the Court, for the re-opening of the bankruptcy proceedings.

"The statute specifying the time for filing claims in bankruptcy is prohibitive, and gives the Court no discretionary power to extend the time."

██ In the instant matter the omitted creditor would not be able to secure the allowance of any claim he might file. The bankrupt failed to allege any excuse or explanation for the omission of the creditor's name, the petition merely alleging

that the name "was inadvertently omitted from the list of unsecured creditors." To permit the proposed amendment to. the bankrupt's schedules would certainly deprive such omitted creditor of his day in Court. The Referee was unquestionably right in denying the bankrupt's petition for permission to so belatedly list such creditor.

The Court has had the benefit of a very comprehensive opinion by the Referee upon this question, which opinion has analyzed a host of decisions prior to the Chandler Act and has also included an analysis of the Chandler Act in its relation to the question at issue; such opinion being in effect a treatise on the subject. The Court has also had the aid of a carefully prepared brief in behalf of the bankrupt.

Under the facts stated and by virtue of the provisions of the Chandler Act the denial by the Referee of such petition should be sustained.

Presentment of order in conformity herewith is requested.