Opinion
GOLDSTEIN, P. J.
defendants-Throughout this opinion we designate the defendants-appellants as the defendants and the plaintiff-respondent as the plaintiff. We also designate the plaintiff’s assignor, Wells Fargo Bank, as the “Bank.”

The Facts

The facts are not in dispute. On July 6, 1966, the defendants executed a note in favor of the Bank in the sum of $1,500, together with interest. Nothing was paid on the note. On July 14, 1967, the defendants filed voluntary petitions in bankruptcy in the- Unitéd States District Court, *Supp. 3 and the matter was referred to a referee in bankruptcy. The court fixed October 16, 1967, as the last day to file objections to the bankrupts’ discharge. On October 17, 1967, the bankrupts received their discharge in bankruptcy.
The first meeting of creditors was held on July 31, 1967. The last day for filing creditors’ claims was six months later, to wit: January 31, 1968.
The claim of the Bank was not scheduled in the defendants’ schedules in bankruptcy. The record is devoid of any proof that the Bank had any actual notice of the pendency of the bankruptcy proceedings until on or about February 24, 1968. This was approximately three weeks after the time within which any claims could be filed against the bankrupts’ estates. On February 21, 1968, the bankrupts petitioned the referee in bankruptcy to amend their respective schedules in bankruptcy by including the Bank (together with two other creditors, whose claims are not here involved) as a creditor of the bankrupts. The referee gave no notice to the Bank that the petition had been filed or of the hearing of the petition. On the same day, the referee made and entered an order ex parte authorizing the defendants to amend their schedules by including therein as creditors, the Bank, and the other persons named in the petition to amend. Copies of the referee’s order authorizing such amendment were served by mail on the Bank on February 24, 1968.
On June 3, 1968, suit was filed by the plaintiff’s assignor upon the promissory note. The defendants answered and pleaded as a defense, their discharge in bankruptcy on October 17, 1967. Judge Barnard granted judgment in favor of the plaintiff and against the defendants for the principal of the note, with accrued interest, attorneys’ fees and costs.

The Law

The question presented is whether the referee’s order permitting the amendment of the schedules to include the Bank’s claim and the subsequent filing of amended schedules pursuant thereto resulted in the discharge in bankruptcy of the note which is the subject of this action. It is our opinion that the judgment of the trial court (which necessarily included the finding that the' discharge in bankruptcy did not have such effect) is correct and should be affirmed. Our reasons follow:
Section 17(a)(3) of the Bankruptcy Act, 11 U.S.C. section 35(a)(3), provides that: “A discharge in bankruptcy shall release a bankrupt from all his provable debts . . . except such as . . . (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy . . . .”
*Supp. 4 Section 57(n) of the act, 11 U.S.C. section 93(n), provides that: “Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed.”
It can be seen from the foregoing statutory enactments that a discharge in bankruptcy does not release a defendant from provable debts not scheduled in time for proof and allowance. It is also equally clear that claims which are not filed within six months after the date of the first meeting cannot be allowed. Thus, the Bank, which was not given any notice of the bankruptcy proceedings until February 24, 1968, was barred from filing a claim in bankruptcy, from participating in the election of the trustee in bankruptcy, or in the bankruptcy proceedings during their pendency. Had there been assets, the bank would not have received a dividend, because, legally, it could not have filed its claim. Had the Bank discovered hidden assets, they could not have been applied to the payment of the Bank’s note, but would have been distributed to the other creditors. In short, the Bank had no standing in the bankruptcy proceedings.
With respect to the foregoing, it is stated in 1 Collier on Bankruptcy (14th ed.) page 993, as follows: . . But after the time for filing claims has expired, the general rule is that the schedules may not be amended to include the name of an omitted creditor, regardless of whether or not the creditor had notice or knowledge of the bankruptcy proceeding. In some no-asset cases, however, the courts have, in the absence of fraud or intentional laches, allowed an amendment to the schedule to include the name of a creditor omitted through mistake or inadvertence, even though the time for filing claims has elapsed. Where a debt has been duly listed by the bankrupt, the court has no power to expunge it from the bankrupt’s schedules.”
It is true that there have been, possibly, two exceptions to the general rule. In these cases an amendment of the schedules has been permitted to include the name of a creditor omitted through mistake or inadvertence, even after the time for filing claims has expired. The majority view, however, is to the contrary. Moreover, the cases permitting the schedules to be amended require that there be a factual showing of a reasonable excuse for the omission of the creditor’s name. In the instant case, the petitions requesting leave to file amended schedules stated that the omission was due to “clerical error, mistake, and inadvertence.” None of these are facts; they are pure conclusions. There is not a single fact in the petitions indicating the reasons why the defendants failed to include the Bank in their original schedules.
A case closely paralleling the instant case is In re Dunn, 38 F.Supp. *Supp. 5 1017. The Dunn case was a no-asset case. After the time for filing claims had expired the bankrupt applied to the referee in bankruptcy for leave to file an amended schedule to include the omitted creditor’s claim. The court denied the application stating in its opinion as follows: “Under the Chandler Act, however, it is clear that the Court has no authority to allow any claims which are not filed within six months after the date for the first meeting of creditors.” And further: “In the instant matter the omitted creditor would not be able to secure the allowance of any claim he might file. The bankrupt failed to allege any excuse or explanation for the omission of the creditor’s name, the petition merely alleging that the name ‘was inadvertently omitted from the list of unsecured creditors.’ To permit the proposed amendment to the bankrupt’s schedules would certainly deprive such omitted creditor of his day in Court.”
Significantly, in the Dunn case, as in the case at bar, the bankrupts relied upon the conclusion of inadvertence without alleging any supporting facts showing why the claim had not been scheduled.
In In re Trosky, 55 F.2d 995, a motion to amend schedules was denied. The court stated the basis for the decision as follows at page 996: “Even if the omitted creditor’s name were now to be added to the schedules, the debt owed to him would not be affected by any discharge that the bankrupt might obtain. Section 17 of the acts (11 USCA § 35) excepts from dischargeable debts those which ‘have not been duly scheduled in time for proof and allowance,’ with the name of the creditor if known to the bankrupt, unless the creditor had notice or knowledge of the bankruptcy proceedings. It being evident that this creditor had no such notice, the debt owed to him would not be discharged, even if this motion, made more than six months after adjudication, were granted.” The court further stated: “The two purposes of the Bankruptcy Act are to distribute the bankrupt’s assets among his creditors and to relieve the honest debtor from the weight of his debts. Williams v. United States Fidelity & Guaranty Co., 236 U.S. 549 [35 S.Ct. 289, 59 L.Ed. 713], Where the application to add a creditor’s name to the schedules is made after the expiration of the time for filing proofs of claim, and it is not shown that the creditor had notice or knowledge of the bankruptcy, both of these purposes of the act are unattainable as to that creditor. He cannot get a dividend on his claim (section 57), and the discharge of the bankrupt will be inoperative as to him (section 17). No useful purpose, therefore, would be served by including his claim in the schedules at such a late date. On the contrary, confusion and embarrassment to the creditor might well be the outcome, if the application of the bankrupt to add his claim were granted. The assumption, erroneous though it is, would be that his claim was thereby rendered dischargeable.”
*Supp. 6 In Milando v. Perrone, 157 F.2d 1002, the facts were quite similar to those in the case at bar. There, as here, a no-asset case was involved. The claim was not originally scheduled. After the defendant’s discharge, suit was instituted by the unscheduled creditor in the state court of Connecticut. The bankrupt petitioned the bankruptcy court for leave to amend his schedules by including the omitted claim, so that the bankrupt might then plead his discharge in bankruptcy as a defense. An ex parte order was granted by the district court on the recommendation of the referee in bankruptcy authorizing an amendment to the schedules to include the omitted claim. The United States Circuit Court (2d Circuit) reversed the order of the district court stating in its opinion as follows: “. . . This section provides that a discharge shall not release a bankrupt from a debt which he has not scheduled in time for it to be proved and allowed in the bankruptcy proceedings unless the creditor has notice or actual knowledge of the proceedings. The courts have no power to disregard this clear language.” Further on page 1004, the court states: “As pointed out in the latter case, this section requires that if a creditor is to be barred he must receive information of the bankruptcy proceeding in time to participate in the administration of the estate as well as to share in the dividends. The fact that the judgment creditor in this case would have received no dividends if he had been able to prove his claim would therefore not be a sufficient reason to disregard the mandate of this section, even if the courts had power to disregard it. The consequence is that, unless the creditor can now be forced to prove his claim for its allowance, he cannot be barred from his ordinary remedies upon it.” (Italics added.) And further: “The District Court suggested that the creditor could not be harmed where the estate showed no assets; but this overlooks the all-inclusive operation of § 17, sub. a(3), which was not cited or discussed below, and thus inserts into the statute an exception not within its terms. It is only just that he who seeks the protection of a statutory bar against payment of his debts be required to bring himself within the provisions of the statutory grant.”
In our view, the foregoing opinions are consistent with the statutory provisions and represent the prevailing opinion, as well as a more logical and reasonable construction of the Bankruptcy Act.
The judgment is accordingly affirmed, with costs to the respondent.
Thompson, J., and Meyers, J., concurred.