**In re OTC NET, INC., Debtor.**

**Bankruptcy No. 82 J 1153.**

United States Bankruptcy Court,
D. Colorado.

Nov. 23, 1983.

Josephine S. Weirich, Davis, Graham & Stubbs, Denver, Colo., for Glen E. Keller, Jr., trustee.

Theodore H. Focht, Gen. Counsel, Michael E. Don, Assoc. Gen. Counsel, George F. Bingham, Asst. Gen. Counsel, Josephine Wang, Atty., Washington, D.C., for Securities Investor Protection Corp.

David A. Zisser, Fishman, Geman, Gersh & Bursiek, P.C., Denver, Colo., for claimant Juan Carlos Schidlowski.

Lee Foreman, Haddon, Morgan & Foreman, Denver, Colo., for claimant Joseph V. Pignatiello.

---

**5.** See note 1.

Andrew J. Simpson, Boulder, Colo., for claimants Robert J. McIlvenna, John H. Kallman, Alice Durham O'Shea and Kristin Ebbighausen.

Joseph F. Krys, Krys, Boyle, Golz & Keithley, Denver, Colo., for claimant Terri Italiano.

J.T. Larson, San Francisco, Cal., for claimant Dickie Ueno.

Clayton W. Bell, Boulder, Colo., for claimant Glen G. Losurdo.

Philip E. Hughes, Jr., Blue Bell, Pa., for claimant DAD Inv. Club.

Herbert W. DeLaney, Jr., Denver, Colo., for claimant Craig Weiss.

Richard I. Brown, Atler, Zall & Haligman, P.C., Englewood, Colo., for claimant Fidelity Bank of Denver.

Paul D. Rubner, Denver, Colo., for claimant Sandra Solomon.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Court's Order and Notice to All Claimants, Trustee, and SIPC for Briefs filed October 11, 1983, and the Trustee's Petition for Instructions filed September 21, 1983.

In the Petition for Instructions, the Trustee informed the Court of a possible surplus of assets in this estate after payment of administrative expenses and timely-filed claims (both customer claims and other creditor claims). Assuming that surplus exists, the issue has been raised as to whether or not late-filed claims should share in that surplus pursuant to 11 U.S.C. § 726. There are approximately 250–300 late-filed claims which have been "disallowed" by the Court on the sole basis that such claims were not filed with the Trustee by January 10, 1983, which was the expiration date of the six-

month period provided for in 15 U.S.C. §§ 78fff–2(a)(1) and (3).

The pertinent statutes and rules which have a bearing on this issue are as follows: Section 57n of the Bankruptcy Act, 11 U.S.C. § 93n [superseded by 11 U.S.C. § 726(a) of the Bankruptcy Code]; 15 U.S.C. § 78fff–2(a)(3); 15 U.S.C. § 78fff(e); 11 U.S.C. § 726(a); Bankruptcy Rule 2002(a); Bankruptcy Rule 302(e) [superseded by Bankruptcy Rule 3002(c) ]; and Bankruptcy Rule 3002(c). These are set forth in full in the Appendix attached hereto.

Historically, Section 57n of the Bankruptcy Act (11 U.S.C. § 93n), set a six-month filing limit, with certain exceptions. The exceptions, including the surplus exception, were incorporated into the Bankruptcy Act to codify certain judicially created exceptions to this six-month statute of limitations and to prevent an expansion of those exceptions. *See Hearings on H.R. 8046 Before the House Comm. on the Judiciary,* 75th Cong., 1st Sess. at 115–16 (1937). *See also In re Dunn,* 38 F.Supp. 1017 (W.D.Wash. 1941); *In re Walden,* 43 F.Supp. 359 (W.D. Mo.1942).

Addressing the surplus exception specifically, Congress said:

> There is also added a new and much-needed provision in the interests of creditors who have failed to file and prove their claims within the bar time, in a case, which occasionally occurs, where creditors who have duly filed and proved their claims are paid in full and there is a surplus remaining. In such a situation it is only fair and equitable that, as between the barred creditors and the debtor, such surplus should go to the barred creditors rather than to the debtor.

H.R.Rep. No. 1409, 75th Cong., 1st Sess. 14 (1937), *cited in In re Berg,* 33 F.Supp. 700 at 703 (D.Minn.1940).

In the Securities Investor Protection Act (SIPA) of 1970 [1], Congress simply provided

---

**1.** Pub.L. No. 91–598, 84 Stat. 1636 (1970). Section 6(e). SIPA was amended under Pub.L. 95–283, 92 Stat. 249 (1978), and Pub.L. No. 95–598, 92 Stat. 2549 (1978). Section 6(e) un-

der the 1970 Act was redesignated as Section 8(a)(3) in 1978 and published in the U.S.Code as 15 U.S.C. § 78fff–2(a)(3), the present version.

that any claim filed "after the time specified in section 57n of the Bankruptcy Act" must be disallowed. In 1978, certain amendments to SIPA carried forward the exceptions to Section 57n provided that a request for extension was filed within the six-month period and for good cause shown. There is no mention in the current Section 78fff–2(a)(3) of a specific exception to, or suspension of, the filing period in the event of a surplus. However, Section 78fff(e) provides that the priorities of distribution shall be as provided in 11 U.S.C. § 726. And, § 726(a) does provide a priority designation for late-filed claims.

In all the cases under Section 57n as applied in SIPA cases, the Courts have been uniform in holding that Section 78fff–2(a)(3) is an absolute bar against late-filed claims. *See, e.g., In re Pigott,* 684 F.2d 239 (3rd Cir.1982); *In re Mellen Mfg. Co.,* 287 F.2d 37 (3rd Cir.1961) *cert. denied* 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed.2d 1254 (1961); *In re Securities Investor Protection Corporation,* 414 F.Supp. 679 (D.Minn.1975); and *Securities Exchange Commission v. Tieg Ross, Inc.,* 473 Civ. 107 (D.Minn.1974). But this Court has been unable to find any case interpreting these sections where the estate was solvent. In the reported decisions, the estates were either insolvent, or the solvency of the estate was unspecified.

It is obvious that Section 78fff–2(a)(3) was intended to bar untimely claims of those seeking to share in a limited, insolvent estate. Congress was trying to strike a balance between SIPA's goal of customer protection and the burden imposed upon the

Securities Investor Protection Corporation (SIPC) and its members who must advance funds to satisfy net equity claims of customers[2]. Also, by providing for a strict statute of limitations, Congress sought to ensure a prompt liquidation process. 15 U.S.C. § 78fff(a). *See Hearings on H.R. 8331 Before the Subcomm. on Consumer Protection and Finance of the Comm. on Interstate and Foreign Commerce,* 95th Cong., 1st Sess. at 178 (1977); H.R.Rep. No. 746, 95th Cong., 1st Sess. 28 (1977).

A SIPA liquidation proceeding is to be conducted in accordance with certain chapters and subchapters of the Bankruptcy Code, 15 U.S.C. § 78fff(b), including portions of chapter 7, if those parts of the Code are consistent with SIPA. The estate, to the extent it can, pays the costs of administering the estate. 15 U.S.C. § 78fff(e). And the priorities of distribution are set forth by that section as the same as those in 11 U.S.C. § 726.

■ Under Section 726(a)(3), late-filed claimants are given a third priority.[3] This section carries forward previous law as found in Section 57n of the Bankruptcy Act and former Bankruptcy Rule 302(e)(5) in permitting late filed claims, otherwise valid, to share in a surplus of an estate. The current Bankruptcy Rule 3002(c)(6) also provides a mechanism to implement that part of the Bankruptcy Code, although Bankruptcy Rule 2002(a)(4) now specifies a notice requirement setting a final date for the filing of such claims.

**2.** SIPC is a non-profit membership corporation whose members include most interstate broker-dealers. 15 U.S.C. § 78ccc(a). SIPA requires SIPC to establish a fund via assessments upon its members. 15 U.S.C. § 78ddd. Under 15 U.S.C. § 78fff–3, SIPC may advance to the trustee, in order to satisfy net equity claims of customers, not more than $500,000 per customer, and, in no event, more than $100,000 for that portion of a claim which is for cash as distinct from securities. The availability of SIPC funds does not lessen the burden of customers' claims on the estate or its general creditors. To the extent of its advances, SIPC is subrogated to the claims of such customers. 15 U.S.C. § 78fff–3(a). Thus, in practice, SIPC recovers a proportionate share of its advances depending on the assets of the estate.

**3.** Section 726(a)(3) applies to late-filed claims other than the type specified in Section 726(a)(2)(C). Section 726(a)(2)(C) permits, as a second priority, late-filed claimants who had no notice or actual knowledge of the proceeding. That is not the situation here. SIPA requires only notice by publication and by mail and does not require actual knowledge or receipt of notice. 15 U.S.C. § 78fff–2(a)(1). *See In re Securities Investor Protection Corp.,* 414 F.Supp. 679 (D.Minn.1975). Constructive notice is sufficient. *In re Weis Securities, supra.* This Court has, on previous occasions in the case *sub judice* held that the notice provided herein was sufficient.

If the Court were to accept as absolute, in all cases, both solvent and insolvent, the mandate of Section 78fff–2(a)(3), it would, in effect, nullify and give no meaning or purpose to Section 78fff(e). This the Court cannot do. The proper rule of statutory construction provides that where possible, statutes are to be given such effect that no clause, sentence, or word is rendered superfluous, contradictory, or insignificant. *E.E.O.C. v. Continental Oil Co.,* 548 F.2d 884 (10th Cir.1977). In a case where portions of a statute appear to conflict, a construction which would give effect to both provisions should be adopted. The only such construction here would be to interpret Section 78fff–2(a)(3) as an absolute bar to untimely claims except as provided therein, but in the event of a surplus, to allow such untimely claims in accordance with Section 78fff(e) and Bankruptcy Rules 202(a) and 3002(c) and to distribute such surplus as mandated by Section 726 of the Bankruptcy Code. This would give effect to all relevant provisions of SIPA and would give maximum effect to the Congressional intent of protecting individual investors from financial hardship which can result from the failure of major financial institutions. This is the interpretation adopted by this Court.

All of the late-filed claims presented to the Court thus far have been "disallowed" because they were untimely. The merits of such claims have not been examined. Perhaps the choice of the word "disallowed" was a poor choice. The Bankruptcy Code in 11 U.S.C. § 502(b) sets forth all of the grounds upon which the Court may "disallow" a claim, and untimeliness is not such a ground. So far as the Court's use of the term "disallowed" is concerned, it should and does have no other meaning in connection with these late-filed claims considered to date, than to mean that such claims are found to be untimely and late.

IT IS THEREFORE ORDERED that the Trustee herein shall notify all claimants herein, whose claims have been determined to be untimely, of the Court's ruling herein, and to file with the Court a copy of said notice together with a certificate of mailing thereof.

FURTHER ORDERED that all such late-filed claims are hereby determined to be timely filed for purposes of Bankruptcy Rule 3002(c).

FURTHER ORDERED that the Trustee shall inform the Court at the appropriate time in the administration of the estate when he has determined with certainty that a surplus will exist. At that time, appropriate notices shall be sent in accordance with Bankruptcy Rule 2002(a)(4).

FURTHER ORDERED that the Trustee shall examine the late-filed claims thus far determined and

(1) if such claims are for stocks or warrants currently held in the estate, and the claims are otherwise valid, the Trustee shall set aside so many of such stocks or warrants as may be needed to satisfy such claims; and

(2) the Trustee shall in an expeditious manner proceed to liquidate the remaining stocks, warrants, or other assets of the estate for distribution in accordance with the opinion herein.

## APPENDIX

Section 57n of the Bankruptcy Act, 11 U.S.C. § 93n:

n. Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: *Provided, however,* That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or any subdivision thereof: *Provided further,* That the right of infants and insane persons without guardians, without notice of the bankruptcy proceedings, may continue six months longer: *And provided further,* That a claim

arising in favor of a person by reason of the recovery by the trustee from such person of money or property, or the avoidance by the trustee of a lien held by such person, may be filed within thirty days from the date of such recovery or avoidance, but if the recovery is by way of a proceeding in which a final judgment has been entered against such person, the claim shall not be allowed if the money is not paid or the property is not delivered to the trustee within thirty days from the date of the rendering of such final judgment, or within such further time as the court may allow. When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case.

### 15 U.S.C. § 78fff–2(a)(3)

No claim of a customer or other creditor of the debtor which is received by the trustee after the expiration of the six-month period beginning on the date of publication of notice under paragraph (1) shall be allowed, except that the court may, upon application within such period and for cause shown, grant a reasonable, fixed extension of time for the filing of a claim by the United States, by a State or political subdivision thereof, or by an infant or incompetent person without a guardian. Any claim of a customer for net equity which is received by the trustee after the expiration of such period of time as may be fixed by the court (not exceeding sixty days after the date of publication of notice under paragraph (1)) need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from moneys advanced by SIPC, it shall be satisfied in cash or securities (or both) as the trustee determines is most economical to the estate.

### 15 U.S.C. § 78fff(e)

(e) COSTS AND EXPENSES OF ADMINISTRATION

All costs and expenses of administration of the estate of the debtor and of the liquidation proceeding shall be borne by the general estate of the debtor to the extent it is sufficient therefor, and the priorities of distribution from the general estate shall be as provided in section 726 of title 11. Costs and expenses of administration shall include payments pursuant to section 78fff–2(e) of this title and section 78fff–3(c)(1) of this title (to the extent such payments recovered securities which were apportioned to the general estate pursuant to subsection (d)) and costs and expenses of SIPC employees utilized by the trustee pursuant to section 78fff–1(a)(2) of this title. All funds advanced by SIPC to a trustee for such costs and expenses of administration shall be recouped from the general estate under section 507(a)(1) of title 11.

### Section 726(a) of the Bankruptcy Code, 11 U.S.C. § 726(a):

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for

multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim;

(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection; and

(6) sixth, to the debtor.

*Bankruptcy Rule 2002(a):*

*(a) Twenty-Day Notices to Parties in Interest.* Except as provided in subdivisions (h), (i) and (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of

(1) the meeting of creditors pursuant to § 341 of the Code;

(2) a proposed use, sale, or lease of property other than in the ordinary course of business unless the court for cause shown shortens the time or directs another method of giving notice;

(3) the hearing on approval of a compromise or settlement of a controversy, unless the court for cause shown directs that notice not be sent;

(4) the date fixed for the filing of claims against a surplus in an estate as provided in Rule 3002(c)(6);

(5) in a chapter 7 liquidation and a chapter 11 reorganization case, the hearing on the dismissal or conversion of a case to another chapter;

(6) the time fixed to accept or reject a proposed modification of a plan;

(7) hearings on all applications for compensation or reimbursement of expenses totalling in excess of $100; and

(8) the time fixed for filing proofs of claims pursuant to Rule 3003(c).

*Bankruptcy Rule 302(e):*

*(e) Time for Filing.* A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:

(1) On application before the expiration of such period and for cause shown, the court may grant a reasonable, fixed extension of time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice the court may grant an infant or incompetent person without a guardian up to an additional 6 months for filing a claim.

(3) A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property may be filed within 30 days after such judgment becomes final, but if the judgment imposes a liability which is not satisfied, or a duty which is not performed, within such period or such further time as the court may permit, the claim shall not be allowed.

(4) If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the latter.

(5) If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus.

*Bankruptcy Rule 3002(c):*

*(c) Time for Filing.* In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the

expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of a person or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that person or denies or avoids the person's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract of the debtor may be filed within the time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed.