**In re Donald KREISS and Randi Kreiss, Debtors.**

**Bankruptcy No. 884–40638–18.**

United States Bankruptcy Court, E.D. New York.

Feb. 7, 1985.

Wofsey, Certilman, Haft, Lebow & Balin, New York City, for Executor of Estates of Jack & Lillian Kreiss.

Hahn & Hessen, New York City, for trustee.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

Donald Kreiss, (the "debtor"), as executor of his parents' (the "testators") estate, joined by the witnesses to the execution of codicils to the testators' wills, move to vacate an order of this court directing a Rule 2004 examination of the witnesses by the trustee.

The debtor was to be the beneficiary of sizeable bequests under separate wills executed by the testators. On April 10, 1984 the testators executed codicils to these wills. These codicils substantially revoked the bequests to the debtor provided in the original wills and set up, *inter alia*, a discretionary trust on the debtor's behalf. On April 17, 1984, one week after the codicils were executed, the debtor and his wife filed a joint petition for Chapter 7 relief. Shortly after this filing both testators died. A few months later the wills and codicils of the testators were admitted to probate by the New York Surrogate's Court.

On September 17, 1984 the trustee moved, pursuant to Bankruptcy Rule 2004, for an order to examine the attesting witnesses to the execution of the codicils. An order granting the trustee's request was signed on September 25, 1984. On November 13, the debtor moved to vacate this order. Both sides have submitted memoranda of law and a hearing was held on December 20, 1984.

## DISCUSSION

Bankruptcy Rule 2004 provides that on motion of any party-in-interest, the court may order the examination of any person concerning, *inter alia*, the debtor's "acts, conduct ... property or financial condition...." Party-in-interest is not a defined term. Courts have consistently recognized that a trustee is a party-in-interest for purposes of Rule 2004. *See, e.g., In re Horgan*, 98 Fed. 414 (2d Cir.1899); *Freeman v. Seligson*, 405 F.2d 1326 (D.C.Cir.

1968); *In re Silverman*, 36 B.R. 254 (Bankr.S.D.N.Y.1984).

Upon the issuance of an order granting an examination request, the examinee may move to vacate the order. *In re Vantage Petroleum Corp.*, 34 B.R. 650 (Bankr.E.D.N.Y.1983). Neither the Code nor the Rules provide guidelines for determining when to grant a motion to vacate a Rule 2004 order. *Id.* Bankruptcy courts have held that these motions are to be decided by balancing the competing interests of the parties, weighing the relevance of and necessity for the information sought by the examiner against the extent of inconvenience and intrusion to the witness. *Id.*

Pursuant to 11 U.S.C. § 704 the trustee is obligated to investigate the financial affairs of the debtor. The purpose of this investigation is, in part, to enable the trustee to discover whether the debtor has assets which can be recovered for the benefit of the debtor's creditors.

> A trustee in bankruptcy ... is under a duty to maximize the realization on liquidation of the estate, and to this end to institute all necessary litigation. Fulfillment of these responsibilities obviously entails careful exploration into the bankrupt's affairs with a view to discovery and recovery of assets.

*Freeman v. Seligson*, 405 F.2d at 1333.

The scope of the trustee's investigation may be broad: "[T]he exploration can be in the nature of a fishing expedition." *Vantage Petroleum*, 34 B.R. at 651.

In the case at bar the trustee seeks to investigate 1) whether the codicils were validly executed, or 2) whether there were any "secret agreements" among the parties to the discretionary trust which would demonstrate that the trust is illusory and that the debtor has sufficient interest in the trust property to be deemed its beneficiary. The trustee contends that the short time lapse between the execution of the codicils, the debtor's filing for bankruptcy relief and the testators' death raises ques-

tions about the manner and effect of the codicils' execution.

Pursuant to 11 U.S.C. § 541(a)(5) any bequests which the debtor acquires, or becomes entitled to acquire, within 180 days of filing for bankruptcy relief becomes property of the debtor's estate, available for distribution to the creditors. Thus, if the trustee obtains evidence that the codicils were not properly executed, the original wills of the testators may be restored, and the bequests which the debtor became entitled to under their wills become property of the estate. Alternatively, if the trustee obtains evidence that the discretionary trust created by the codicils is "illusory," he may seek to have the debtor declared the outright beneficiary of the trust res, and thereby bring the res into the estate.

The witnesses whom the trustee wishes to examine were the attesting witnesses to the execution of the codicils. They obviously have information bearing on the validity of the execution. The trustee has not explained what information he believes these witnesses have concerning purported secret agreements. Nonetheless, the trustee's examination of the witnesses, under the broad standards of relevance developed by the courts is proper and necessary to the trustee's performance of his duty to uncover assets of the estate.

In opposing the trustee's discovery request, the witnesses do not contend that they will be unduly inconvenienced or burdened by the examination. Rather, they claim that inasmuch as the New York Surrogate Court made a finding that the codicils were validly executed, the trustee is precluded under the principle of *res judicata* from relitigating the issue.

■ *Res judicata* is a judicially developed doctrine established to avoid repetitive litigation of the same causes of action. *Expert Electric Inc. v. Levine*, 554 F.2d 1227, 1232–33 (2d Cir.1977), *cert. denied* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977).

The doctrine bars those who were parties to an action in which a judgment on the merits was rendered, or their "privies," from relitigating the same cause of action in a second proceeding. *Id.*

Jurisdictions vary on the scope and coverage of the *res judicata* bar. Pursuant to 28 U.S.C. § 1738 a federal court must give a state court judgment the same *res judicata* effect as the judgment would receive under the law of the state which rendered it. Specifically, the statute provides that "[t]he ... judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts ... from which they are taken." Thus, this court must look to New York law to determine the *res judicata* effect of the New York Surrogate Court's decree.

■ New York law follows the general *res judicata* rule, mandated by due process considerations, that a person cannot be barred from litigating a claim unless he was a formal party or "in privity" with a formal party to the first action. *Baldwin v. Brooks*, 83 A.D.2d 85, 443 N.Y.S.2d 906, 908 (1981). "Privity" is not a precisely defined term. "It ... requir[es] a legal relationship of a kind that would allow the loss of the first action ... by X to be justly visited upon Y in the second action." D. Siegel, New York Practice, § 461 at 609 (1978).

New York courts, analyzing whether this kind of legal relationship exists, look to whether the interests of the non-party were effectively represented at the first proceeding. *Baldwin v. Brooks*, 443 N.Y.S.2d at 908. "Generally speaking, one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, although not formally a party to the litigation." *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir.1977), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190. Conversely one whose interests were not so represented cannot be bound.

■ Applying these requirements of New York's *res judicata* law to the instant

case, this court finds that New York would not bar the trustee, who was neither a formal party to the probate action, nor represented by a party in that action, from litigating this claim.

The witnesses argue alternatively that the trustee's examination of them is an infringement of New York State's exclusive jurisdiction over probate matters. This court need not decide whether the witnesses' construction of probate jurisdiction is correct, for the trustee is not asking that this court render judgment concerning the probate decree. The trustee merely seeks to obtain information to determine whether there are grounds to challenge the decree or the effect of the codicils.

The witnesses' last argument is that a provision of the Surrogate Court's Procedure Act (the "SCPA") precludes this court from ordering an examination of the witnesses. This provision, Section 1404, provides that "no person who has been examined as a witness under this section shall be examined in the same proceeding under any other provision of law except by direction of the [Surrogate's] court." There is some question as to whether the witnesses were "examined" under this provision. Assuming arguendo that the witnesses were examined, the provision would not bar this court from ordering their examination pursuant to Rule 2004, Rules of Bankruptcy Procedure.

Under Article VI, cl. 2, of the U.S. Constitution, the Supremacy Clause, "the states have no power to determine the extent of federal authority." *Clifton v. Cox*, 549 F.2d 722, 730 (9th Cir.1977). "No state enactment can be of any avail when the subject of such transactions has been covered by an act of Congress, acting within the limits of its Constitutional powers." *Chicago, Indianapolis & Louisville Railway Comp. v. U.S.*, 219 U.S. 486, 497, 31 S.Ct. 272, 275, 55 L.Ed. 305 (1911).

■ The trustee's examination of the witnesses pursuant to 11 U.S.C. § 704 and Bankruptcy Rule 2004 is well within the scope of the powers delegated to him by Congress. The trustee's ability to examine these witnesses cannot be limited by state law.

Accordingly, the motion to vacate the order granting the trustee's application to examine the witnesses and quashing the subpoenaes issued by that order is hereby denied.

It is SO ORDERED.