**In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor.**

**Bankruptcy No. 88–00043.**

United States Bankruptcy Court,
D. New Hampshire.

Sept. 13, 1988.

Don Willenburg, Richard Levin, Los Angeles, Cal., R. Carl Anderson, Concord, N.H., Thomas Jones, for Public Service Co.

Joel Zweibel, New York City, J. Michael Deasy, Philadelphia, Pa., for Unsecured Creditors Committee.

Howard J. Berman, Centerreach, N.Y., for the Equity Committee.

Virginia A. Greiman, U.S. Trustee.

Larry M. Smukler, Asst. Atty. Gen., Concord, N.H., Mark W. Vaughn, Daniel J. Callaghan, Manchester, N.H., for the State of N.H.

George J. Wade, New York City, David J. Dunfey, Hampton, N.H., for Citicorp and Consolidated Utilities & Communications, Inc. (CUC).

Christopher T. Katucki, for United Illuminating, New England Power, EUA Power Corp., Canal Elec. Co., Connecticut Light & Power Co., and Montaup Elec. Co.

Connie L. Rakowsky, Concord, N.H., for New England Elec. Service.

Anthony C. Marts, Manchester, N.H., for First Fidelity Bank and Amoskeag Bank.

## ORDER ON DEBTOR'S MOTION FOR PRODUCTION OF DOCUMENTS

JAMES E. YACOS, Bankruptcy Judge.

This case came before the court for hearing on September 9, 1988 upon the "Motion Of Public Service For Production Of Documents" filed September 2, 1988. The motion requested production of various documents pursuant to Bankruptcy Rules 2004 and 9016 from Consolidated Utilities and Communications, Inc. ("CUC"), 595 Madison Avenue, New York, New York 10022, and Citicorp, 399 Park Avenue, New York, New York 10043. The motion requested production to be completed no later than September 23, 1988.

The aforesaid motion for production of documents was filed by the debtor following this court's denial, without prejudice, of an earlier Motion For Rule 2004 Examination requesting a much broader discovery relating to the claims asserted by CUC and Citicorp in these proceedings as holders of third mortgage debenture bonds issued by PSNH. The court at that time, in its Order of August 26, 1988 denying that motion,

gave leave to file a new, narrower motion for production of documents on an expedited hearing schedule.

The court at the hearing on the present motion on September 9, 1988 heard argument by the debtor in support of the document production requested, and argument by CUC and Citicorp in objection to the motion on various grounds.

For the reasons dictated into the record at the conclusion of the hearing, which findings and conclusions are hereby incorporated by reference, the court determined that the questions of law which CUC and Citicorp attempted to raise as a bar to the granting of the present motion are without merit, and that this court in its discretion has power under Bankruptcy Rule 2004 to direct the limited production of documents requested in the present motion. The scope of discovery afforded under Bankruptcy Rule 2004 is "unfettered and broad." *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr.Mass.1985) (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453, 454 (Bankr.Mass.1983) and *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr.Mass. 1984)). *See also In re Kreiss*, 46 B.R. 164, 165 (Bankr.E.D.N.Y.1985) (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr.E.D.N.Y.1983)); *In re Mittco*, 44 B.R. 35, 36 (Bankr.E.D.Wis.1984) (citing *In re GHR Energy Corp.*, 35 B.R. 534 (Bankr.Mass.1983) and *In re Clearview Concrete Products, Inc.*, 23 C.B.C.2d 373 (Bankr.E.D.N.Y.1980)); *In re Mantolesky*, 14 B.R. 973, 976 (Bankr.Mass.1981) (citing 12 *Collier on Bankruptcy* ¶ 205.15 at p. 2–93 (14th Ed.1978)).

█ Exercise of discretion under Rule 2004 requires a balancing of the interest of the debtor in obtaining sufficient information necessary for the formulation of its plan of reorganization, as opposed to the interest of a creditor in avoiding an overbearing and intrusive inquiry into its affairs unrelated to legitimate plan formulation inquiries. *Cf. In re Kreiss*, 46 B.R. 164, 165 (Bankr.E.D.N.Y.1985) ("Bankruptcy courts have held that [Rule 2004 motions] are to be decided by balancing the competing interests of the parties, weigh-

ing the relevance of and necessity for the information sought by the examiner against the extent of inconvenience and intrusion to the witness.") (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650 (Bankr.E.D.N.Y.1983)).

█ In my judgment, that balancing of interest favors the debtor with regard to the present motion. I also incorporate by reference, on this point, my findings and conclusions dictated into the record at the close of the August 26, 1988 hearing on the prior Rule 2004 motion. The discovery requested relates to arguable issues of classification and appropriate treatment of the CUC/Citicorp claims for plan formulation purposes and is not a spurious effort to browbeat a creditor into submission to a debtor's desires for a reorganization plan.

Time is of the essence with regard to this matter, in view of the time frame for plan formulation established by this court's prior orders. The record establishes that no prejudice will befall CUC or Citicorp in complying with the production of documents as requested, other than that the period of time covered by the required production shall be modified and reduced to the period comprising January 1, 1984 through January 28, 1988, and that such production can be accomplished by September 23, 1988. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. The "Motion Of Public Service For Production Of Documents" filed September 2, 1988 is hereby granted in all particulars except that the period of production of documents required shall be the period from January 1, 1984 through January 28, 1988.

2. The Clerk of Court shall issue subpoenas requiring the aforesaid production of documents, as may be necessary, upon submission of this same for execution by the debtor.