In re NEVADA NATURAL, INC., and McDaniel, Donald Leslie and Helen Catherine, Debtors.

Kenneth L. STAINER, Trustee, Plaintiff,

v.

Lila L. McCALL, et al., Defendants.

Bankruptcy Nos. 87–01322–C, 87–01323–C.

Adv. No. 88–0165–C.

United States Bankruptcy Court, N.D. Oklahoma.

Oct. 31, 1988.

Allen Mitchell, Sapulpa, Okl., for plaintiff-trustee.

Grant E. Cheadle, Tulsa, Okl., for defendants McCall and Dane.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes before the court on this 17th day of October, 1988 on the de-

fendants' motion to dismiss the trustee's complaint objecting to the defendants' claims against the debtor estates. The defendants' motion asserts that the defendants received a default judgment against the debtors in a sum certain and, as such, the trustee's complaint is barred based upon the doctrine of res judicata.

On January 31, 1984, Lila L. McCall, Daniel Dane, and T.G. Anderson filed an eleven-count complaint against the debtors, two related corporations, and one related limited partnership, in the United States District Court, District of Arizona, Case No. CIV–84–147–PHX–WPC. On January 9, 1987, after nearly three years of discovery, the district court entered a default judgment against the defendant awarding to Lila McCall treble damages in the sum of $1,413,235.50 and similarly awarding to Daniel Dane treble damages in the sum of $615,446.28.

Subsequent to the entry of default judgment, the debtors filed their petition in bankruptcy and the defendants herein filed proofs of claim in the respective amounts of their judgments.

On July 1, 1988, the trustee of the debtor estates filed the instant adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001 to determine the nature, extent and validity of the claims asserted by defendants McCall and Dane. In response to the trustee's complaint, the defendants filed a motion to dismiss asserting that the default judgment rendered by the United States District Court of Arizona is res judicata as to the trustee's complaint and the trustee should, therefore, be barred from litigating the defendants' claims based on said judgments.

The court, after carefully considering the matter, finds that the defendants' motion should be denied.

Section 704 of the Bankruptcy Code provides that the duties of a trustee include the examination of proofs of claims filed by creditors and parties in interest against the debtor estate and, where appropriate, object to the allowance of any claim(s) that the trustee considers improper. *See* § 704(5). Under section 101(4) judgments are included in the definition of claims and therefore a trustee can object to a claim based on a judgment.

No limitation is placed on the statutory power of the trustee to object to improper claims, but it is without question that the doctrines of res judicata and collateral estoppel apply in the bankruptcy context unless equitable considerations prevent their application. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946).

Res judicata and collateral estoppel are the two primary devices for ensuring the finality of judicial decisions. Res judicata or "claim preclusion" as it is called in the RESTATEMENT (SECOND) OF JUDGMENTS, § 24 comment a (1982), prevents relitigation of claims and defenses available to parties in a prior suit. Collateral estoppel or "issue preclusion", *id.* at § 27, prevents parties from relitigating only those issues actually and necessarily litigated in the prior proceeding. The purpose of the two doctrines is to "encourage reliance on judicial decisions, bar ... vexacious litigation, and free ... the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 133, 99 S.Ct. 2205, 2210, 60 L.Ed.2d 767 (1979). The Supreme Court stated the basic rule of res judicata in *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), as follows:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose" [citations omitted]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatsoever, absent fraud or

some other factor invalidating the judgment.

*Id.* at 597, 68 S.Ct. at 719.

■ Collateral estoppel, on the other hand, was discussed by Justice Harlan in *Southern Pacific Railroad Co. v. United States,* 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897) as

> the general principal ... that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground for recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined just, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.

*Id.* at 48–49, 18 S.Ct. at 27.

It is clear in the instant proceeding that the doctrine of collateral estoppel is not applicable because no actual litigation took place. RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment e (1982).

In *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), the seminal case related to the conclusiveness of judgments in a bankruptcy context, the Supreme Court noted that the bankruptcy court has the "full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence." 308 U.S. at 305, 60 S.Ct. at 244. The Supreme Court noted, "the mere fact that a claim has been reduced to judgment does not prevent such an inquiry.... and the bankruptcy trustee may collaterally attack a judgment offered as a claim against the estate for the purpose of showing it was obtained by collusion of the parties or is founded upon no real debt." *Id.* at 305, 60 S.Ct. at 244.

Although the Supreme Court in *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), held that such an examination was warranted, in light of the Supreme Court's pronouncement in *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), there is a "strong caveat against expanding those perimeters." *Matter of Farrell,* 27 B.R. 241 (Bankr.E.D. N.Y.1982). As was stated in *Heiser,*

> Undoubtedly, since the Bankruptcy Act authorizes a proof of claim based on a judgment, such a proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons or the subject matter of the suit, or because it was procured by fraud of a party ... but it is quite another matter to say that the bankruptcy court may reexamine the issues determined by the judgment itself. It has from an early date been held to the contrary. ... Neither *Pepper v. Litton,* ... nor the other cases which they cite, sustain the contention that the bankruptcy court in passing on the validity of creditors' claims, may disregard the principles of res judicata.

*Id.* 327 U.S. at 736–37, 66 S.Ct. at 858.

■ The application of the doctrine of res judicata is to be ascribed only whenever there is: 1) identity of parties; 2) identity of issues; and 3) finality of the judgment. *Gonsalves v. Alpine Country Club,* 563 F.Supp. 1283 (D.Rhode Island 1983), *aff'd* 727 F.2d 27 (1st Cir.1984). Thus, the first inquiry is whether there is identity of parties in the instant case to those in the case in which the default judgment was rendered. The court holds that such identity of parties does not exist.

The doctrine of res judicata provides that one is not barred from litigating a claim unless he was a formal party or in privity with a party to the first action. *In re Fill,* 82 B.R. 200, 216 (Bankr.S.D.N.Y.1987). Since the trustee is a representative of the creditors and was not a formal party to the previous litigation, *see In re Giorgio,* 62 B.R. 853, 863 (Bankr.D.R.I.1986), the only way he could be barred from litigating the claim asserted by the defendants is if he were in privity with the debtors.

In *L.M. Ericsson Telecommunications, Inc. v. Teltronics Services, Inc.,* 18 B.R.

705 (Bankr.E.D.N.Y.1982), the bankruptcy court stated:

> Operation of res judicata requires identity of the parties. Yet the creditors presently represented by the trustee were not parties to the original action, nor were their interests represented therein.

*Id.* at 706. Thus, the court concluded that the trustee could proceed with the asserted action.

Similarly, the court in *In re Kreiss,* 46 B.R. 164 (Bankr.E.D.N.Y.1985) held that a trustee was not barred by res judicata from challenging the validity of will codicils, notwithstanding a previous determination of their validity by a New York State court. The *Kreiss* court held that the trustee's interest, i.e., the interests of the creditors, was not represented at the prior state court hearing. *Id.* at 166–167.

It is a well established principal of res judicata that issues "resolved" are to be given preclusive effect only when "actually litigated and determined by a valid and final judgment." RESTATEMENT (SECOND) OF JUDGMENTS, § 127. Although this court is well aware that the principals of res judicata are not to be mechanically applied in the bankruptcy context, *see Pepper* at 305, such recogition is not based "upon a technical application of res judicata doctrine but upon the court's recognition that the equitable considerations underlying that doctrine require its application in the absence of compelling circumstances to the contrary." *Margolis v. Nazareth Fairgrounds & Farmers Mkt.,* 249 F.2d 221, 224 (2d Cir.1957) *as cited* in *Kelleran v. Andrijevic,* 825 F.2d 692, 698 (2d Cir.1987). In the instant case, this court concludes that not only does the technical application of res judicata preclude its application, but so too do the equities involved in this case. As the court stated in *Margolis* stated:

> To the extent that equitable principals require reexamination by the bankruptcy court where these bases have been or could have been previously adjudicated the doctrine of res judicata is inapplicable in bankruptcy proceedings.

249 F.2d at 224.

The trustee in bankruptcy represents the interests of all creditors of the bankrupt estates. *In re Giorgio* at 853. The rights and interests of the creditors of the debtor estates were not represented nor were they considered when default judgment was entered against the debtors. The defendants would have this court bar those creditors represented by the trustee from making a determination as to the validity of the defendants' claims. Even if the court were to agree that the doctrine of res judicata is applicable to the instant case, for the court to accede to the request of the defendants would result in fraud and a gross inequity against the other creditors of the estates, resulting in the defendants receiving fully eighty percent of the debtors' assets without any determination being made as to the validity of the defendants' claims.

Distinguishable from the present action is the case of *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), wherein the trustee had fully, but unsuccessfully, litigated in another forum the issue of the validity of a prior default judgment taken against the debtors. The *Heiser* court held that "where the *trustee* in bankruptcy unsuccessfully litigates an issue outside the bankruptcy court, the decision against him is binding in the bankruptcy court." *Id.* at 856 [emphasis added].

The case cited by the debtors, *In re Hall,* 31 B.R. 148 (W.D.Okla.1983), is distinguishable. In that case, it was the debtor, not the trustee, who argued against the preclusive effect of the prior judgment. No discussion of privity was undertaken by the court and this court does not consider the decision precedent. Similarly, in *Kelleran v. Andrijevic,* 825 F.2d 692 (2d Cir.1987), the court failed to discuss the privity requirement. This court will not confine its holding to the rationale as espoused by those opinions.

Based upon the foregoing, the court finds that the defendants' motion to dismiss should be and is hereby denied.