In re FOERST.

(District Court, S. D. New York. April 15, 1899.)

BANKRUPTCY—EXAMINATIONS IN BANKRUPTCY—SCOPE OF INQUIRY.

    The wife of a bankrupt, under examination as a witness at the instance of the trustee or creditors, may be questioned as to money or other property in her possession, and as to how and when the same was received or acquired, provided only that the testimony shows such questions to be reasonably pertinent to the subject of inquiry, the nature and location of the assets of the bankrupt.

In Bankruptcy. On question certified by referee.

William Riley, for creditors.
Edward Bittner, for bankrupt.

BROWN, District Judge. Upon an examination of the bankrupt and other witnesses before the referee in behalf of the trustee and creditors, objection being made to questions put to the wife of the bankrupt during her examination as respects moneys which she held, and when and how received, the question as to the admissibility of this testimony has been certified to the court.

There is no precise rule governing the admissibility of such testimony, other than that it should be reasonably pertinent to the subject of inquiry. In general, a large latitude of inquiry should be allowed in the examination of persons closely connected with the bankrupt in business dealings, or otherwise, for the purpose of discovering assets and unearthing frauds, upon any reasonable surmise that they have assets of the debtor. The intent of the bankrupt law is that only the debtor dealing honestly with his property shall be discharged; and that any proper assets of the estate, however concealed, shall be made available to creditors. The examination for this purpose is of necessity to a considerable extent a fishing examination. The extent to which it shall be permitted to go, must be determined by the sound judgment of the officer before whom it is taken. Reasonable examination should not be allowed to be checked by constant objections that the materiality of the answer may not be immediately apparent, where no harm can arise to the witness from the disclosure, if the transaction is honest. If the result of such an examination may often be a considerable amount of immaterial testimony, this is a much less evil than to stifle examination by technical rules which would defeat the purpose of the act, and discredit the administration of the law in the interest of creditors. Unreasonable discursiveness in the examination will be in some measure checked by making it at the expense of the examining party; if plainly frivolous or prolix, it should be stopped. Where questionable proceedings have been disclosed, greater latitude in the prosecution of inquiries should be allowed; and the precise form or order in which the questions are put can scarcely be deemed material.

Upon the above general principles, and upon the matters already disclosed on this examination, I think the witness should answer as respects any moneys or property acquired by her during the year prior to the adjudication, or even further back, should further testimony show such inquiries to be reasonably pertinent.