In re Everal H. LARKHAM and Cynthia N. Larkham d/b/a Lark-Ridge Farm, Debtors.

Bankruptcy No. 82–168.

United States Bankruptcy Court, D. Vermont.

Sept. 28, 1982.

Jerome I. Meyers, Springfield, Vt., for debtors.

Gavin A. Reid, Newbury, Vt., for Bradford Nat. Bank and Shawmut Nat. Bank.

Christopher Dye, Bradford, Vt., for Agway, Inc.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The above named Debtors filed a Petition for Relief under Chapter 11 of the Bankruptcy Code and they listed as one of their assets under Schedules B–2q the following:

"Claim against Bradford National Bank for slander; claim against Bradford National Bank & Shawmut National Bank for fraud, and recision; claim against Shawmut Bank for breach of fiduciary relationship.

Est. Value $500,000."

The Section 341 meeting of creditors, for the examination of the Debtors, was held on August 11, 1982 and it was continued because of the refusal of the Debtors to respond to questions submitted by the attorney for the Bradford National Bank and the Shawmut National Bank relative to this asset.

The Bradford National Bank and the Shawmut National Bank are secured creditors and they instituted a foreclosure proceeding in the Vermont Orange Superior Court to foreclose a mortgage on the real estate of the Debtors. In this foreclosure proceeding Agway, Inc. was named as a defendant as a judgment lien creditor. Both Bradford National Bank and Shawmut National Bank of Boston, as well as Agway, Inc., have filed Applications for a continued meeting of creditors so that they may examine the Debtors further and, in particular, as to the assets constituting the claims of the Debtors against both banks.

The Debtors have objected to this examination and are requesting a Protective Order under which they will not be obligated to testify as to these claims. They assert that examination as to these claims is not a proper subject to inquiry under the provisions of Rule 205 which prescribes that the examination may relate only to the acts, conduct or property of the bankrupt, or to any matter which may affect the administration of the bankrupt's estate or to his right of discharge. They assert that Agway, Inc. is seeking the examination to assert claims and defenses against Bradford National Bank and Shawmut Bank of Boston, N.A. rather than "an interest in the benefit of the reorganization of the debtors" and that the banks seek to use the examination as a subterfuge and evasion for regular discovery proceedings.

The examination of the debtor is prescribed by Section 343 of the Bankruptcy Code which reads as follows:

"The debtor shall appear and submit to examination under oath at the meeting of creditors under Section 341(a) of this title. Creditors, any indenture trustee, or any trustee or examiner in the case may examine the debtor."

Section 341(a) provides that within a reasonable time after the Order for Relief in a case under Title 11, there shall be a meeting of creditors.

The scope of examination under Section 343 is substantially the same as that under Section 21a as expanded by Rule 205 of the Rules for Bankruptcy Procedure, i.e., the examination may "relate only to the acts, conduct, or property of the debtor or to any matter which may affect the administration of the debtor's estate or to his right to discharge". 2 Collier 15th Edition, 343–6, ¶ 343.05.

It is noted that the matters concerning which examination may be made are in the disjunctive, namely, the acts, conduct *or* property of the debtor *or* any matter which may affect the administration of the debtor's estate. The scope of examination is extremely broad and Collier indicates that it is in the nature of an inquisition and consequently the field of inquiry is wide and within the limitations prescribed any question is permissible which seeks to ascertain facts concerning debtor's conduct, property and affairs. 2 Collier, 15th Edition 343–6–7, citing *Todd v. Bradley,* 99 Conn. 307, 122 A. 68 (1923) *In re Williams,* 123 F. 321 (D.Tenn.1903); *Matter of Insull Utility Investments, Inc.,* 27 F.Supp. 887 (S.D.N.Y.1934). See lengthy statement in *Wechsler v. United States,* 158 F. 579 (2d Cir.1907).

See also *In Re Mantolesky* (U.S. Bankruptcy Court, District of Massachusetts—1981) 14 B.R. 973, where the Court held that an examination under Bankruptcy Rules is in the nature of inquisition and, consequently, the field of inquiry is wide and that within limitations prescribed any question is permissible which seeks to ascertain facts concerning bankrupts conduct, property and affairs. Likewise, in the case of *In re Foerst,* 93 F. 190, the Court observed that even though there was no precise rule governing the admissibility of testimony at the examination of the bankrupt, large latitude of inquiry should be allowed for the purpose of discovering assets and unearthing frauds. It pointed out that the intent of the Bankruptcy Law is that only the honest debtor shall be discharged and that any property, assets of the estate, however concealed, shall be made available to creditors. Examination for this purpose is of necessity to a considerable extent a fishing examination.

■ The Debtors seem to be unduly concerned over the fact that the claims that they are asserting are against the banks who, as secured creditors, seek to examine, as they allege, for their own benefit in defending against these claims. This is no ground for foreclosing the examination.

The fact that the examination is for the purpose of securing information regarding the prosecution of suits by the trustee (a debtor under Chapter 11 is in the same position as a trustee), will not render the inquiry objectionable. 2 Collier, 15th Edition, 343–11 citing *In Re Cliffe,* 97 F. 540 (E.D.Pa.1899). *In re Underwriters Finance Corporation,* 13 F.Supp. 690 (S.D.N.Y.1935); *Matter of Paramount Publix Corp.,* 82 F.2d 230 (2d Cir.1936); *In re Insull Utility Investments, Inc.,* 27 F.Supp. 887 (S.D.N.Y. 1934); *Marx v. Chase Nat'l Bank,* 117 F.2d 800 (2d Cir.1941).

The Debtors do not claim that the secured creditors cannot eventually obtain information concerning these claims against them but they contend it should be done when the claims are actually being prosecuted by the use of discovery proceedings. They seem to feel that they will then be in a better position to object to the scope of inquiry. It would appear that this is more a matter of strategy than substance. Be that as it may the Debtors who are asking for relief under the Bankruptcy Code should not be permitted to escape from their duty to submit to examination concerning any of their assets and especially as to one which they have valued at $500,000.00.

■ In support of their position the Debtors rely heavily on *In Re J.A.M.A. Realty Corporation,* 79 F.2d 546 (2d Cir.), and *In Re Union Mortgage Investment Company,* 25 F.Supp. 468. These cases are clearly distinguishable in that they do not involve the examination of the bankrupt or the debtor but rather third persons and are related to the administration of the estate rather than the assets of the debtor. A disinterested witness other than the debtor in an examination under Section 21a of the Bankruptcy Act or Rule 205, is indeed entitled to more consideration in being compelled to testify as to matters that do not concern him than is a Debtor who is seeking relief from his obligations pursuant to the Bankruptcy Code and under the aegis of the Bankruptcy Court.

## ORDER

Now, therefore, in accordance with the foregoing,

IT IS ORDERED, that the Clerk fix a date and place for the continued Section 341 meeting and that the Debtors submit to examination concerning the claims they are asserting against the Bradford National Bank and the Shawmut National Bank and as to any other asset which they held at the time of the filing of their Petition for Relief and as to any acts or conduct relating to them.