In the Matter of ISIS FOODS, INC., Debtor.

John R. STONITSCH, Trustee in bankruptcy, Plaintiff,

v.

ST. LOUIS BANANA AND TOMATO COMPANY, Defendant.

Bankruptcy No. 82–00209–3–11.
Adv. No. 83–0762–3–11.

United States Bankruptcy Court, W.D. Missouri, W.D.

Sept. 9, 1983.

---

4. June 27, 1983 was the last day for filing proofs of claim.

William R. Jackson, III, Jenkins & Flanigan, Kansas City, Mo., for plaintiff.

John L. Sullivan, St. Louis, Mo., for defendant.

## ORDER DENYING THE DEFENDANT'S OBJECTIONS TO DISCOVERY AND DEFINING SCOPE OF DISCOVERY

DENNIS J. STEWART, Bankruptcy Judge.

This is an action which the defendant's objections to the scope of discovery sought to be extracted by the plaintiff trustee in bankruptcy require the court to exercise its discretion pursuant to Rule 16, F.R.Civ.P., *inter alia,* to define the proper scope of discovery.[1] In bringing a suit to recover certain preferences which are set out and alleged with particularity in the complaint, the trustee has propounded interrogatories which relate not only to these specific transactions, but also all transactions of purchase and sale between the debtor and the defendant for the entire year next preceding the date of bankruptcy. This establishes a scope of discovery which is too broad under the current discovery rules.

The objections thus levelled join an important issue of whether the narrow range of discovery seemingly intended by the new provisions of Rule 16, F.R.Civ.P., can restrict the otherwise broad range of discovery to which a trustee is entitled under the bankruptcy rules which impose upon him the burden of discovering the existence and location of the assets of the estate.[2] Ordinarily, under the current discovery rules, discovery in a discrete civil

1. Rule 16, F.R.Civ.P., pertinently provides that, "(i)n any action, the court may in its discretion direct the attorneys for the parties to appear before it to consider ... The simplification of the issues ... The court shall make an order which recites the action taken at the conference, ... and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

2. See Rule 2004 of the Rules of Bankruptcy Procedure to the following pertinent effect: "On motion of any party in interest, the court may order the examination of any person ... The examination of any person under this rule ... may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." See also the predecessor rule, Rule 205 of the Rules of Bankruptcy Procedure, to the same effect. Under this rule, it has been held that "(i)n his inquiry as to 'property of a bankrupt', the trustee is not confined to efforts to uncover property owned by the bankrupt at the time of bankruptcy. He may elicit the facts as to property transferred by the bankrupt prior to bankruptcy, in an endeavor to find out whether it was fraudulently or preferentially transferred. Such property was once the property of the bankrupt and it may be assets of the bankrupt estate." *In re Insull Utility Investments,* 27 F.Supp. 887, 890 (S.D.N.Y.1934). "The inquiry undertaken ... is one to aid in the discovery of assets and to assist in all particulars in the administration of an estate, and the fact that no specified issue is or can be made up is not grounds for objecting to the examination." 12 Collier on Bankruptcy para. 205.15, p. 2–93 (14th ed. 1978). The rules thus provide "all interested parties with a mechanism for the investigation and reconstruction of the debtor's affairs. That mechanism may cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him. Further, those persons who might have been closely associated with the debtor in his business arrangements, or who even participated in them, will most likely be exposed to the most extensive inquiry. For where a third person's business affairs are intertwined with those of the debtor, the exact point where the business association ends can be difficult to ascertain." *In re Mantolesky,* 14 B.R. 973, 976 (Bkrtcy.D.Mass.1981). "(A)n examination under Bankruptcy Rules is in the nature of inquisition and, consequently, the field of inquiry is wide ... The fact that the examination is for the purpose of securing information regarding the prosecution of suits by the trustee ... will not render the inquiry objectionable." *In re Larkham,* 24 B.R. 70, 71, 72 (Bkrtcy.D.Vt.1982).

action is limited to the issues raised with reasonable particularity in the complaint.[3] But under the traditional rules granting discovery powers to a trustee in bankruptcy, he is granted a virtually unfettered right to inquire into all transactions and occurrences which relate to a debtor, for it is only in this manner that he can reasonably be expected to discover the existence and location of the assets of the estate—including those which have been transferred within the year next preceding bankruptcy and are recoverable by him under §§ 546, 547 or 548 of the Bankruptcy Code.[4] To hold that the trustee's ordinary and necessary powers of discovery are diminished by the new discovery rules governing only civil actions would be to impose serious and inexcusable impediments to the trustee's properly gathering the assets of the bankruptcy estate. Further, to deny discovery in this adversary action only to grant it in the course of estate administration would be productive only of delay, inefficiency and injustice. A trustee is entitled to have discovery of transactions which may lead to the discovery of evidence of avoidable transfers under §§ 546, 547 or 548 of the Bankruptcy Code.

It is therefore, accordingly,

ORDERED that the defendant's existing objections to discovery be, and they are hereby, denied and the defendant is directed to respond to the merits of those requests within 15 days hereof. And it is further

ORDERED that the scope of discovery include inquiry into transactions between the debtor and the defendant up to a year prior to the date of bankruptcy, discovery of which is likely to lead to evidence which is admissible on the issue of avoidable transfers.

---

**3.** Ordinarily, formulation of the issues at an early stage of the proceedings can be predicated only on the pleadings plus the statements made by counsel in the pretrial conference.

**4.** See note 2, *supra.*