**In the Matter of ISIS FOODS, INC., Debtor.**

**John R. STONITSCH, trustee in bankruptcy, Plaintiff,**

v.

**LACLEDE GAS COMPANY, Defendant.**

**Bankruptcy No. 82–00209–3–11.**
**Adv. A. No. 83–1124–3–11.**

United States Bankruptcy Court, . W.D. Missouri, W.D.

Dec. 23, 1983.

**46**

Edward E. Schmitt, Louis A. Huber III, Jennifer A. Putman, Dietrich, Davis, Dicus, Rowlands & Schmitt, Kansas City, Mo., for plaintiff.

Roberta F. Farrell, Herman M. Shaffer, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for defendant.

## ORDER DENYING MOTION OF THE DEFENDANT LACLEDE GAS COMPANY FOR A PROTECTIVE ORDER AND DIRECTING COMPLIANCE WITH PLAINTIFF'S DISCOVERY REQUESTS

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff seeks recovery from defendant of $476.33 on account of three trans-fers which are alleged by him to have been preferential within the meaning of section 547 of the Bankruptcy Code. In the course of pretrial proceedings, plaintiff propound-ed interrogatories to defendant, inquiring, not only into the facts attending the three challenged transfers, but also any other transfers that may have occurred within the year next preceding bankruptcy and any and all postpetition transfers, without limitation as to time. The defendant has sought a protective order with respect to those interrogatories which inquire into facts not properly within the scope of the issues framed by the pleadings.

This court formerly directed to the defendant its order directing it to show cause why the motion for protective order should not be denied, citing the following considerations set out in *Stonitsch v. St. Louis Banana & Tomato Company,* 33 B.R. 45, 46, 47 (Bkrtcy.W.D.Mo.1983), to wit:

"Ordinarily, under the current discovery rules, discovery in a discrete civil action is limited to the issues raised with rea-sonable particularity in the complaint. But under the traditional rules granting discovery powers to a trustee in bank-ruptcy, he is granted virtually unfettered right to inquire into all transactions and occurrences which relate to a debtor, for it is only in this manner that he can reasonably be expected to discover the existence and location of the assets of the estate—including those which have been transferred within the year next preceding bankruptcy and are recovera-ble by him under sections 546, 547, or 548 of the Bankruptcy Code. To hold that the trustee's ordinary and necessary powers of discovery are diminished by the new discovery rules governing only civil actions would be to impose serious and inexcusable impediments to the trus-tee's properly gathering the assets of the bankruptcy estate. Further, to deny dis-covery in this adversary action only to grant it in the course of estate adminis-

tration would be productive only of delay, inefficiency and injustice. A trustee is entitled to have discovery of transactions which may lead to the discovery of avoidable transfers under sections 546, 547 or 548 of the Bankruptcy Code." In response to the show cause order, the defendant now complains that the rule of *Stonitsch v. St. Louis Banana & Tomato Company, supra,* "is inapposite to the proceedings herein where the discovery is being conducted in an adversary proceeding (sic, a *discreet* civil action) and not pursuant to the provisions of Rule 2004 ... While it cannot be seriously argued or disputed, that the Trustee is, or may be, vested with so-called 'inquisitorial' powers under the Bankruptcy Code, such grant is insufficient in this adversary proceeding wherein Trustee (sans a single allegation in the complaint relating to the status of the Defendant herein as an 'insider') seeks the Defendant's response to interrogatories relating to *any* transfer, payment or transaction occurring during the period of *one year and 91 days prior* to the filing date of the bankruptcy." But the court, in the above quoted passage from *Stonitsch v. St. Louis Banana & Tomato Company, supra,* has noted that it would be unnecessarily dilatory and unjust to compel resort to the Rule 2004 procedure when that is a matter of form only. It seems beneficial to the defendant, also, to be permitted an opportunity to answer inquiries which are admittedly within the trustee's proper scope of discovery in writing rather than to compel attendance of its proper officers in a hearing under Rule 2004, *supra.*

█ Further, those same principles are sufficient to point out that a trustee is not limited in his discovery of transfers within a year of bankruptcy to those instances in which the transferee was an "insider." Section 548 of the Bankruptcy Code, for one, does not limit the variety of proscribed transfers to those instances in which the transferee is an "insider." "In his inquiry as to 'property of a bankrupt', the trustee is not confined to efforts to uncover property owned by the bankrupt at the time of bankruptcy. He may elicit the facts as to property transferred by the bankrupt prior to bankruptcy, in an endeavor to find out whether it was fraudulently or preferentially transferred. Such property was once the property of the bankrupt and, it may be assets of the bankrupt estate." *In re Insull Utility Investments,* 27 F.Supp. 887, 890 (S.D.N.Y.1934). The contention that the defendant must be contended to have been an "insider" to warrant the discovery requested is therefore without merit and must be denied.

█ With respect to postpetition payments, the defendant complains that the interrogatory "does not in any manner limit the time within which such payments are to be furnished" and that, if it were still supplying gas service to the estate, "is it relevant to inquire about all payments made subsequent to the date of filing including, but not limited to, a period of time beyond which the debtor remained in possession and prior to the appointment of an Interim Trustee?" But the rule of reason applies to every request for discovery. The inquiry is obviously into the debtor's transactions with the defendant, prior to the time of the appointment of an interim trustee who operated under the authority and instructions of the court. The interrogatory will be so construed. And as so construed, it should be answered by the defendant.

It is therefore, for the foregoing reasons,

ORDERED that the motion of the defendant Laclede Gas Company for a protective order be, and it is hereby, denied. It is further

ORDERED that the defendant answer the plaintiff's requests for discovery within 15 days of the date of entry of this order or within such additional time as the court may grant for good cause shown within the same 15 days.